**In The United States District Court
For The Eastern District Of Texas
Lufkin Division**

| | |
|---|---|
| **AFFINITY LABS OF TEXAS, LLC,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**ALPINE ELECTRONICS OF AMERICA, INC., et al.,**<br><br>　　　　　Defendants. | **CIVIL ACTION NO. 9:08-CV-171**<br>**JURY TRIAL DEMANDED**<br><br>**Judge Ron Clark** |
| **KENWOOD USA CORPORATION,**<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>**AFFINITY LABS OF TEXAS, LLC,**<br><br>　　　　　Counterdefendant. | |

**KENWOOD USA CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, AND JURY DEMAND**

Defendant Kenwood USA Corporation ("Kenwood") hereby responds to the Complaint of Affinity Labs of Texas, LLC ("Affinity Labs") with the following Answer, Affirmative Defenses, and Counterclaims:

**GENERAL DENIAL**

Unless specifically admitted below, Kenwood denies each and every allegation in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs in the Complaint, Kenwood states the following:

## PARTIES[1]

1. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies those allegations.

2. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies those allegations.

3. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies those allegations.

4. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies those allegations.

5. Kenwood admits the allegations in Paragraph 5.

6. Kenwood admits the allegations in Paragraph 6.

7. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies those allegations.

8. Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies those allegations.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 seek to characterize and assert legal conclusions regarding Affinity Labs' claims and therefore no response is required. To the extent a response is deemed to be required, Kenwood admits that the Complaint purports to assert claims arising

---

[1] The headings in the Complaint are reproduced herein solely for the convenience of the reader. To the extent such headings include or infer allegations, they are hereby denied.

under the Acts of Congress relating to patents. Kenwood further admits that this Court has subject matter jurisdiction over this action.

10. To the extent the allegations in Paragraph 10 relate to defendants other than Kenwood, Kenwood lacks sufficient information to form a belief as to truth of those allegations and, on that basis denies them. To the extent the allegations in Paragraph 10 relate to Kenwood, Kenwood admits that it has transacted business in this judicial district, but denies that it has committed, contributed to and/or induced acts of patent infringement in this judicial district.

11. The allegations in Paragraph 11 state legal conclusions as to which no response is required. To the extent a response is deemed to be required, Kenwood denies the allegations in Paragraph 11.

## COUNT 1: PATENT INFRINGEMENT OF THE '833 PATENT

12. In response to the allegations in Paragraph 12, Kenwood incorporates by reference its responses to Paragraphs 1 through 11 of the Complaint as if set forth fully herein.

13. Kenwood admits that on its face U.S. Patent No. 7,324,833 ("'833 Patent") indicates that it issued on January 29, 2008 to Affinity Labs as assignee of Russell W. White and Kevin R. Imes and that the patent is entitled "System and Method for Connecting a Portable Audio Player to an Automobile Sound System." Except as expressly admitted, Kenwood lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 13, and on that basis denies those allegations.

14. To the extent the allegations in Paragraph 14 relate to defendants other than Kenwood, Kenwood is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis denies them. To the extent the allegations in Paragraph 14 relate to Kenwood, Kenwood denies those allegations.

15. The allegations in Paragraph 15 relate to a defendant other than Kenwood and therefore no response is required. To the extent a response is deemed to be required, Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies those allegations.

16. The allegations in Paragraph 16 relate to a defendant other than Kenwood and therefore no response is required. To the extent a response is deemed to be required, Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies those allegations.

17. The allegations in Paragraph 17 relate to a defendant other than Kenwood and therefore no response is required. To the extent a response is deemed to be required, Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies those allegations.

18. Kenwood denies the allegations in Paragraph 18.

19. Kenwood denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 relate to a defendant other than Kenwood and therefore no response is required. To the extent a response is deemed to be required, Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies those allegations.

21. The allegations in Paragraph 21 relate to a defendant other than Kenwood and therefore no response is required. To the extent a response is deemed to be required, Kenwood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies those allegations.

22.     To the extent the allegations in Paragraph 22 relate to defendants other than Kenwood, Kenwood is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis denies them.  To the extent the allegations in Paragraph 22 relate to Kenwood, Kenwood denies those allegations.

23.     To the extent the allegations in Paragraph 23 relate to defendants other than Kenwood, Kenwood is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis denies them.  To the extent the allegations in Paragraph 23 relate to Kenwood, Kenwood denies those allegations.

24.     To the extent the allegations in Paragraph 24 relate to defendants other than Kenwood, Kenwood is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis denies them.  To the extent the allegations in Paragraph 24 relate to Kenwood, Kenwood denies those allegations.

## JURY DEMAND

Kenwood admits that Affinity Labs has demanded a jury trial on its claims.

## RESPONSE TO AFFINITY'S PRAYER FOR RELIEF

Kenwood denies that Affinity Labs is entitled to any relief whatsoever against Kenwood in this action, either as prayed for in its complaint or otherwise.

## AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

Kenwood has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '833 Patent.

**Second Defense: Invalidity**

Each claim of the '833 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, and because no claim of the patents can be validly construed to cover a Kenwood product.

**Third Defense: Marking**

Prior to receiving a copy of the complaint in this action, Kenwood had neither actual nor constructive notice of the '833 Patent because the lawful owner of that patent had failed to mark devices that embody one or more of the claims of the '833 Patent with proper notice of such patent, as required by 35 U.S.C. § 287, such that Affinity Labs is not entitled to any pre-filing damages pursuant to that provision.

**Fourth Defense: Estoppel**

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the '833 Patent, specifically the admissions, representations, and amendments made on behalf of the applicants for the patent, Affinity Labs is estopped from asserting any construction of the claims of the '833 Patent to cover any activity engaged in or product sold by Kenwood.

**COUNTERCLAIMS**

Kenwood, for its counterclaims against Affinity Labs, alleges as follows:

## General Allegations

1. Paragraphs 1 through 24 of this Answer, Kenwood's response to Affinity Labs' prayer for relief, and the affirmative defenses raised by Kenwood are incorporated by reference as though fully pleaded herein.

2. Counterclaimant Kenwood USA Corporation ("Kenwood") is a California corporation with its principle place of business in Long Beach, California.

3. Plaintiff and counter-defendant Affinity Labs of Texas, LLC ("Affinity Labs") alleges in its Complaint that it is a Texas limited liability corporation having offices at 3838 River Place Blvd., Austin, Texas 78730.

4. Affinity Labs alleges that it has been and is still the owner of United States Letter Patent No. 7,324,833 ("'833 Patent").

## Jurisdiction and Venue

5. In its counterclaims, Kenwood seeks to obtain a judgment declaring that the '833 Patent is invalid and not infringed by Kenwood. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 2201 et seq.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## First Counterclaim
### (Declaratory Judgment Of Non-Infringement)

8. Paragraphs 1 through 7 are incorporated by reference as though fully pleaded herein.

9. Kenwood's products do not infringe, either directly or indirectly, any claim of the '833 Patent, and Kenwood is not liable for infringement thereof.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Kenwood and Affinity Labs concerning the infringement and validity of the '833 Patent. Absent a declaration of non-infringement and invalidity, Affinity Labs will continue to wrongfully assert the '833 Patent against Kenwood and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Kenwood irreparable injury and damage.

### Second Counterclaim
### (Declaratory Judgment of Invalidity)

12. Paragraphs 1 through 11 are incorporated by reference as though fully pleaded herein.

13. The '833 Patent and each claim thereof are invalid for failure to comply with the requirements of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

14. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Kenwood and Affinity Labs concerning the validity of the '833 Patent. Absent a declaration of invalidity, Affinity Labs will continue to assert the '833 Patent against Kenwood and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Kenwood irreparable injury and damage.

### PRAYER FOR RELIEF

**WHEREFORE** as to its Counterclaims, Kenwood prays that the Court:

### On Plaintiff's Claims

     A.     Enter judgment in Kenwood's favor, and against Affinity Labs, thereby dismissing Affinity Labs' Complaint in its entirely, with prejudice, with Affinity Labs taking nothing by way of its claims;

     B.     Find that each of the claims of the '833 Patent is not infringed by any actions of Kenwood or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

     C.     Find that each of the claims of the '833 Patent is invalid and/or unenforceable;

     D.     Deny all of Affinity Labs' requests for injunctive relief;

     E.     Enjoin Affinity Labs, its assigns, licensees, and all those in privity therewith from asserting any of the patents-in-suit against Kenwood or its customers, affiliates, and all others in privity with Kenwood; and

     F.     Declare that this case is an exceptional case under 35 U.S.C. § 285 and award Kenwood its costs, attorneys' fees, and expenses; and

     G.     Grant Kenwood such other and further relief as this Court deems just and proper under the circumstances.

## On Defendant's Counterclaims

     H.     Enter judgment against Affinity Labs and in favor of Kenwood with respect to Kenwood's counterclaims;

     I.     Declare that Kenwood and its customers, affiliates, and all others in privity with Kenwood do not infringe and have not infringed any of the claims of the '833 Patent;

     J.     Declare that the '833 Patent asserted by Affinity Labs is invalid;

     K.     Declare that Affinity Labs, its assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '833 Patent against

or collecting damages from Kenwood or its customers, affiliates, and all others in privity with Kenwood;

  L. Declare that this case is an exceptional case under 35 U.S.C. § 285 and award Kenwood its costs, attorneys' fees, and expenses; and

  M. Grant Kenwood such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Kenwood demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Steven J. Routh
Steven J. Routh (D.C. Bar # 376068)
LEAD ATTORNEY
Sten Jensen (D.C. Bar # 443300)
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: 202-339-8436
Facsimile: 202-339-8500
Email: srouth@orrick.com
sjensen@orrick.com

William H. Wright (Cal. Bar # 161580)
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: 213-612-2478
Facsimile: 213-612-2499
Email: wwright@orrick.com

*Attorneys for Kenwood USA Corporation*

Dated November 10, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on November 10, 2008, a copy of the foregoing KENWOOD USA CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, AND JURY DEMAND was filed electronically.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> */s/ T. Vann Pearce, Jr.*
> T. Vann Pearce, Jr.
> Orrick, Herrington, & Sutcliffe LLP
> 1152 15th Street, NW
> Washington DC 20005