**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

|  |  |
|---|---|
| **AFFINITY LABS OF TEXAS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JVC AMERICAS CORP., et al.,**<br><br>**Defendants.** | Case No. 9:08-CV-00171<br><br><br><br>The Honorable Ron Clark<br>United States District Court Judge |

**AMENDED PROTECTIVE ORDER**

Upon the stipulation and agreement of Plaintiff AFFINITY LABS OF TEXAS, LLC ("Affinity" or "Plaintiff"), and Defendants JVC AMERICAS CORP. and KENWOOD USA CORPORATION (collectively, "Defendants")[1] (Plaintiff and Defendants collectively, the "Parties"; individually, each a "Party"), and to facilitate document disclosure and production, the Court hereby issues this Amended Protective Order.  This Amended Protective Order shall govern the handling of all Confidential Information (defined below) produced in this action ("Produced Material"), by any Party or any other party (which may include non-parties) (the "Producing Party"), including, but not limited to, documents (including electronically-stored information) and things produced pursuant to Rule 34 or Rule 45; testimony upon written questions pursuant to Rule 31; testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits thereof pursuant to Rule 30; discovery requests and written responses thereto pursuant to Rules 33, 35, or 36; and discoverable materials derived from any of the foregoing.  This Amended Protective Order replaces the Protective Order entered *sua sponte*

by the Court on November 24, 2008.  Unless modified pursuant to the terms contained in this

Order, this Order shall remain in effect through the conclusion of this litigation.

1.    **Definitions.**

(a)    <u>Confidential Information.</u>  The term "Confidential Information" shall

mean and include information contained or disclosed in any Documents

(as defined below), portions of Documents, answers to interrogatories, responses to requests for

admissions, trial testimony, deposition testimony, and transcripts of trial testimony and

depositions, including data, summaries, and compilations derived therefrom that is deemed to be

Confidential Information by any party to which it belongs.  Confidential Information shall not

include (a) advertising materials, (b) materials that on their face show that they have been

published to the general public, or (c) documents that have been submitted to any governmental

entity without request for confidential treatment.

(b)    <u>Documents.</u>  The term "Documents" shall have the meaning ascribed to

the terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ.

P. 34.

(c)    <u>Outside Counsel.</u>  The term "outside counsel" shall mean outside counsel

of record, and other attorneys, law clerks, paralegals, secretaries, and other support staff

employed in any office of the law firms identified below:

| | |
|---|---|
| Akin Gump Strauss Hauer & Feld<br>1333 New Hampshire Ave NW<br>Suite 400<br>Washington, DC 20036 | Capshaw DeRieux, LLP<br>1127 Judson Road<br>Ste 220<br>Longview, TX 75601-5157 |
| Crowell Moring LLP<br>1001 Pennsylvania Avenue, N.W. | Duane Morris LLP<br>1180 West Peachtree St., Suite 700 |

---

[1] Defendants Clarion Corporation of America, Fujitsu Ten Corp. of America, Inc., Pioneer Electronic (USA) Inc, and Speakercraft, Inc. have notified the Court that they have reached an agreement with Plaintiff regarding settlement and expect the settlement to be finalized soon.

| | |
|---|---|
| Washington, DC 20004-2595 | Atlanta, GA 30309-3448 |
| Hartline, Dacus, Barger, Dreyer & Kern LLP<br>6688 N Central Expressway<br>Suite 1000<br>Dallas, TX 75206-2980 | Howrey LLP<br>1299 Pennsylvania Ave NW<br>Washington, DC 20004 |
| Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603 | The Heartfield Law Firm<br>2195 Dowlen Road<br>Beaumont, Texas 77706 |
| Kenyon & Kenyon LLP<br>1500 K. Street NW, Suite 700<br>Washington, DC 20005 | McDermott Will & Emery LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108 |
| Potter Minton<br>110 N. College Street, Suite 500<br>Tyler, TX 75702 | Quinn Hayes & Quinn<br>5511 Parkcrest<br>Suite 107<br>Austin TX 78731 |
| Ramey & Flock, P.C.<br>100 East Ferguson Street, Suite 500<br>Tyler, TX 75702 | Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036 |
| Jackson Walker L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, TX 75202 | Orgain Bell & Tucker, LLP<br>P.O. Box 1751<br>Beaumont, TX 77704 |
| Hogan & Hartson, LLP<br>1099 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067 | Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street NW<br>Washington, DC 20005 |
| Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 500<br>Dallas, TX 75201 | Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601 |

(d)      In-house Counsel. The term "in-house counsel" shall mean attorneys or members of the legal staff or the intellectual property department of a Party (or any initially named Party to the Affinity Cases) or of a Party's parents, subsidiaries, or commonly controlled companies, who are employed or regularly retained by the Party (or any initially named Party to

this action) or the Party's parent, subsidiary, or commonly controlled companies, and who as part

of that employment participate in policy decisions with reference to this action.  Regardless of

any other definition, the term "in house counsel" shall include the following Affinity

representatives:  Russell White and Harlie Frost.

      (e)    <u>Patents-in-Suit.</u>  The term "Patents-in-Suit" shall mean any patent asserted

by a Party in this case as being infringed, including U.S. Patent No. 7,324,833, and any

additional patents that may be asserted.

      **2.**      **<u>Scope of Protective Order.</u>**

      (a)    This Protective Order shall govern Confidential Information that is,

directly or indirectly, set forth, revealed, produced, or provided (i) in discovery requests

promulgated under the Federal Rules of Civil Procedure, and under Local Rules of the Eastern

District of Texas and responses thereto; (ii) in any Documents, things, or premises produced

pursuant to, or made available for inspection in response to, a discovery request or subpoena

under the Federal Rules of Civil Procedure; (iii) during depositions upon oral or written

examination under the Federal Rules of Civil Procedure; (iv) in connection with any other

discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure,

informally, or by agreement; (v) in correspondence (including attachments and enclosures)

relating to this litigation; (vi) in submissions to or before the Court, including testimony, briefs,

exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection

with any mediation or settlement negotiation.  This Protective Order shall also govern the

handling of Documents, and all other forms of recorded information, containing or derived from

any Confidential Information.  This Protective Order also shall govern any oral or written

conveyance of the contents of Confidential Information.  This Protective Order also shall apply

to (i) Confidential Information inadvertently or unintentionally produced without designation consistent with the provisions set forth in Paragraph 12 and (ii) inadvertently or unintentionally produced privileged information consistent with the provisions set forth in Paragraph 13.

(b)     This Protective Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential Information for any purpose; (ii) any person or Party's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were produced in this litigation; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Protective Order; or (iv) information that is disclosed by a party without restriction as to disclosure, provided such party has the right to make the disclosure.  The court, including its court reporter(s), is not bound by any provision of this Protective Order.

## 3.   **Designations.**

Each party that produces or discloses any Confidential Information that the Producing Party believes should be subject to this Protective Order may designate the same as: (i) "CONFIDENTIAL" or (ii) "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(a)     "CONFIDENTIAL":  Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information has not already been made publicly known by the party and which the Producing Party (i) in the ordinary course of business does not or would not disclose to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) is under a preexisting obligation to maintain as confidential or private.

(b)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY":  Any Producing Party may designate information as "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its

counsel, the information has not already been made publicly known by the Producing Party and

is of a proprietary business or technical nature that could be of value to a competitor or potential

customer of the party and/or cause harm to the competitive position of the Producing Party.

Examples of such information or materials include, but are not necessarily limited to, non-public

financial data, marketing or business plans, documents that would reveal trade secrets or

business strategy, specifications and design documents, schematics, blueprints, CAD drawings

and data, information relating to future products, or confidential agreements or relationships with

third parties.  Non-public technical or financial information is presumptively HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

**4.      Designation of Confidential Information.**

The designation of any information as Confidential Information for purposes of this

Protective Order shall be made in the following manner:

(a)     Confidential Information.  With regard to any Confidential Information

(including transcripts of depositions or other testimony and discovery requests and responses), a

legend containing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

ORDER" shall be included on each image, page, filename, or document to the extent practicable.

Where it is not practicable to include a legend on each image, page or document, an appropriate

legend shall be affixed to the CD or other media on which the Producing Party produces the

electronically-stored information or to the cover page of a deposition transcript.  Any printout

made from the CD or other media shall be immediately and conspicuously marked

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" consistent

with the legend affixed to the CD or other media, and also with a unique page identifier.

(b)     Documents, Things, and Premises Produced for Inspection.  When

Documents, things, or premises are produced for inspection, no legend need be affixed in

advance of the inspection.  For purposes of the initial inspection, all Produced Material shall be

considered designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY."  Thereafter, upon a selection of specified documents for copying by the inspecting

Party, a legend in the form set forth in Paragraph 4(a) shall be affixed to each page containing

Confidential Information.

(c)     Deposition Procedures.  Whenever a deposition taken on behalf of any

Party involves a disclosure of Confidential Information of any Party:

(i)     Deposition transcripts or portions thereof shall be designated as

containing Confidential Information subject to the provisions of this Protective Order;

such designation shall be made on the record wherever possible, but a Producing Party

may designate portions of depositions as containing Confidential Information after

transcription of the proceedings; a Producing Party shall have until ten (10) days after

receipt of the deposition transcript to inform the other Party or Parties to the action of the

portions of the transcript designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" ;

(ii)     The Producing Party shall have the right to exclude from

attendance at said deposition, during such time as the Confidential Information is to be

disclosed, any person other than the deponent, outside counsel (including their staff and associates), the court reporter, and independent experts/consultants who are permitted access to the Confidential Information by this Protective Order; and

(iii)   The originals of said deposition transcripts and all copies thereof shall bear the legend  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the cover page as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

**5.      Challenges to Designations of Confidential Information.**

At any stage of these proceedings, any Party may object that a document or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" has been improperly designated.  The Party objecting to confidentiality shall notify, in writing, counsel for the Producing Party of the objected-to Produced Materials identifying the production numbers and the grounds for the objection.  If the dispute is not resolved consensually within seven (7) business days of receipt of such a notice of objections, the objecting Party shall certify to the Court that the Parties cannot reach an agreement as to the confidential nature of all or part of the Produced Materials in disputes.  Thereafter, the Parties shall proceed as follows:

(a) If this is the first dispute certified to the Court as to the confidential nature of Produced Materials in a particular document production, then the Producing Party shall have ten (10) days from the date of certification to file a motion with regard to the designation of any

Produced Materials in dispute.  The Producing Party shall have the burden to show that the designation of Produced Materials as Confidential Information is appropriate.  If the Producing Party does not timely file a motion, then the Produced Materials shall have the level of confidentiality the objecting Party contends is appropriate and there shall be no further dispute as to the confidentiality of the Produced Materials.  If the Producing Party does timely file a motion, then the Produced Materials at issue shall be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

(b) If this is not the first dispute certified to the Court as to the confidential nature of Produced Materials in a particular document production, then the objecting Party shall have ten (10) days from the date of certification to file a motion with regard to the designation of any Produced Materials in dispute.  The Producing Party shall have the burden to show that the designation of Produced Materials as Confidential Information is appropriate.  If the objecting Party does not timely file a motion, then the Produced Materials shall have the level of confidentiality the Producing Party contends is appropriate and there shall be no further dispute as to the confidentiality of the Produced Materials.  If the objecting Party does timely file a motion, then the Produced Materials at issue shall be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

6.      **Disclosure and Use of Confidential Information.**

Confidential Information shall be used solely for the purpose of this litigation and not for any other purpose and disclosed only to those persons identified in this Paragraph.

(a)     "CONFIDENTIAL".  Information designated "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, shall only be disclosed, summarized, or made available to the following persons:

(i)     Outside Counsel for the Parties in this action or the two other cases filed by Affinity in this Court, No. 9:08-cv-164 (Affinity v. BMW of North America, LLC, et al.) and No. 9:08-cv-163 (Affinity v. Dice Electronics, LLC) (as defined in Paragraph 1(c) of this Protective Order);

(ii)    Independent experts and/or consultants, subject to and contingent upon compliance with the conditions set forth in Paragraph 8;

(iii)   In-house Counsel of the Parties in this action or the two other cases filed by Affinity in this Court, 9:08-cv-164 (Affinity v. BMW of North America, LLC, et al.) and No. 9:08-cv-163 (Affinity v. Dice Electronics, LLC)  (as defined in Paragraph 1(d) of this Protective Order);

(iv)    Litigation vendors retained for the purpose of outside photocopying, imaging, database, graphics, translation, and design services retained by the outside counsel, to the extent necessary to assist such counsel in this litigation;

(v)     Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(vi)    Court personnel involved with this litigation;

(vii)   Jury or trial consultants, subject to and contingent upon compliance with the conditions set forth in Paragraph 8; and

(viii)  Such other persons as the Parties agree to in writing prior to the disclosure of any Protected Information to such persons.

(b)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY".  Information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY" or copies or extracts therefrom and compilations and summaries thereof, shall

only be disclosed, summarized, or made available to the persons identified in Paragraphs 6(a)(i)-

(ii) and 6(a)(iv)-(vii), according to the terms specified in those paragraphs.  In addition, persons

identified in Paragraph 6(a)(iii) would be entitled to see "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" information where its Party is a party to the

document, whether it is produced in this case by another party or a third party.

(c)     Drafters and Recipients.  Notwithstanding any provision of this Protective

Order to the contrary, with respect to Produced Materials designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," any person indicated

on the face of the document to be its originator, author, a recipient of a copy thereof, or shown to

previously have had access to the document may be shown the same.

**7.     Prosecution Bar.**

Any attorneys, patent agents, independent experts or consultants (except as noted below),

or other persons who receive and review any "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS EYES ONLY" material on the Plaintiff's behalf, shall not be involved in the

prosecution of any patent application pertaining to the technology of the Patents-in-Suit during

the pendency of this action and for two years after the conclusion of their involvement with this

litigation, including appeals.  Any attorneys, patent agents, independent experts or consultants

who have received and reviewed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS

EYES ONLY" materials may still discuss publicly available papers that either have been filed in

this litigation or specifically referenced in a pleading filed in this litigation with client

representatives, and such discussions shall not constitute involvement in the prosecution of such applications.  Independent experts or consultants who view information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" shall be permitted to submit declarations in any re-examination relating to the issue of anticipation or obviousness.  The provisions of Paragraph 7 do not apply to any court personnel involved in this litigation.

8.     **Undertaking.**

(a)     All persons designated by a Party under Paragraphs 6(a)(ii) and (vii) may receive Confidential Information in accordance with the terms in Paragraph 6 only after the proposed recipient has executed the undertaking attached hereto as Exhibit A

(b)     All proposed independent experts and consultants designated by a party under Paragraph 6(a)(ii) may receive Confidential Information only after the following conditions have been satisfied:  (i) the proposed recipient has executed the undertaking attached hereto as Exhibit A; (ii) the undertaking has been served on the Producing Party together with the following information: (A) any and all current professional relationship(s) with any of the Parties, or any known affiliate of the Parties and (B)  a curriculum vitae showing his or her employment/consulting history, including any prior employment or affiliation with any of the Parties, any testifying or otherwise non-confidential engagements from 2005 to present; and any publications; and (iii) the Producing Party has either approved the recipient (or not objected to the recipient) pursuant to Paragraph 8(c) or the Court has ruled on an application that the proposed recipient may receive the Confidential Information.  To the extent that the specific identification of an expert's or consultant's client cannot be provided due to a confidentiality agreement, or otherwise, the Party seeking to make the disclosure must provide sufficient

information so that the Producing Party can reasonably assess any concerns regarding the disclosure of such information to such expert or consultant.

(c)     The Producing Party shall have seven (7) calendar days after notice complying with the requirements of Paragraph 8(b) is received to object to the disclosure of the Produced Material to the person(s) identified.  Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties; failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Confidential Information of the Producing Party.  Should the Parties be unable to resolve any objection, then the Party objecting to the disclosure may raise this matter with the Court and request an Order restricting such person's access to the Confidential Information; failure of the objecting Party to raise the matter with the Court within ten (10) business days after the date that the objection was served shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Confidential Information of the Producing Party.

(d)     The administrative and clerical staff of an outside consultant or expert identified pursuant to Paragraph 8 shall be deemed to have signed the undertaking in the form of Exhibit A when the outside expert or consultant supervising such individuals has executed the undertaking.

9.     **Filing Under Seal.**

Without written permission from the Producing Party or a Court Order secured after appropriate notice to all interested parties, a Party may not file in the public record in this action any Confidential Information, but must file such Confidential Information under seal.  The Parties will

follow and abide by the applicable law and local rules with respect to filing documents under seal in this Court.  If the parties agree a document should be filed under seal, no motion to do so is required.

      **10.**    **Maintenance of Confidential Information.**

All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each Party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

      **11.**    **Unauthorized Disclosure.**

      (a)    If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order (an "Unauthorized Person"), the Party responsible for the unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, the identification of the Confidential Information disclosed and the Unauthorized Persons to whom the disclosure was made.

      (b)    The Party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the Confidential Information disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information <u>and</u> of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as <u>Exhibit A</u> (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential Information disclosed to the

Unauthorized Person.  The Producing Party and party that disclosed the Confidential Information shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any Confidential Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

(d)     No Party shall be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

**12.     Inadvertent Disclosure of Confidential Information.**

If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the Producing Party may give written notice to the receiving Party that the Produced Material is deemed Confidential Information, and that the Produced Material should be treated as such in accordance with that designation under this Protective Order.  The Producing Party must notify the receiving Party within seven (7) business days of becoming aware of the inadvertent disclosure of Confidential Information.  The receiving Party must treat the Produced Materials as Confidential Information, once the Producing Party so notifies the receiving Party.  If the receiving Party has disclosed the Produced Materials before receiving the designation, the receiving Party must notify the Producing Party in writing of each such disclosure and shall also promptly take all reasonable measures to recover the Confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information <u>and</u> of the provisions of

this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as <u>Exhibit A</u> (to be promptly provided to the Producing Party); and (iii) making best efforts to retrieve all copies of Confidential Information disclosed to the Unauthorized Person.  The Producing Party and the receiving Party shall cooperate in good faith in this effort. The burden of any additional measures to recover the Confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information shall be borne by the Producing Party.  Counsel for the Parties shall confer regarding a mutually acceptable manner of labeling or marking the inadvertently Produced Materials.

**13.     Inadvertent Disclosure of Privileged or Protected Information.**

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure.  In addition, the Parties agree that if a document subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure is included in documents made available for inspection, such disclosure shall not be considered a waiver of the privilege or protection from disclosure.  The Producing Party must notify the receiving Party within seven (7) business days of becoming aware of the inadvertent disclosure of privileged or protected information.  Upon a request from a Party that has inadvertently produced any document that it believes is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure, each Party receiving said document shall return it and all physical copies to the Producing Party and destroy all electronic copies within ten (10) business days to the Producing Party.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use

containing the date, author, addressee(s), and topic of the document and such other information

as is reasonably necessary to identify the document and describe its nature to the Court in any

motion to compel production of the document.  Such a record of the identity and nature of a

document may not be used for any purpose other than preparation of a motion to compel in this

Action.  Any other information in the document may not be used for any purpose in this

Action.  After the return of the document(s), the Receiving Party may challenge the Producing

Party's claim(s) of privilege, protection, or work-product by making a motion to the Court.

### 14.   **Termination of Access.**

(a)   In the event that any person or Party ceases to be engaged in the conduct

of this litigation, such person's or Party's access to any and all Confidential Information shall be

terminated.  In addition, all copies of Confidential Information shall be returned or destroyed

consistent with the procedure in Paragraph 15 as soon as practicable, and no later than sixty (60)

calendar days, after such person or Party ceases to be engaged in the conduct of this litigation.

(b)   The provisions of this Protective Order shall remain in full force and effect

as to any person or Party who previously had access to any Confidential Information, except as

may be specifically ordered by the Court or consented to by the Producing Party.

### 15.   **Termination of Litigation.**

(a)   Within sixty (60) days of final termination of this action, including any

and all appeals, counsel for each Party shall certify to the other Parties that counsel and the Party

that counsel represents have destroyed or returned all Confidential Information to the party that

produced the information, including any copies, excerpts, and summaries thereof and has purged

all such information from all machine-readable media on which it resides.  Notwithstanding the

foregoing, Outside Counsel for each Party may retain one set of all pleadings, briefs,

memoranda, motions, expert reports, or other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

(b)    This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce its terms and to make such amendments and modifications to this Protective Order as may be appropriate.  Notwithstanding the foregoing, a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

### 16.    Non-Party Use of This Protective Order

A non-Party producing information or material voluntarily or pursuant to a subpoena or Court order may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under Paragraph 3 this Protective Order and such information will thereafter be treated in accordance with this Protective Order.  The use of this Protective Order by a non-Party does not entitle that non-Party access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials produced by any other Party or non-Party in this case.

### 17.    Limitations on Scope of Protective Order.

(a)    The restrictions and obligations set forth herein shall not apply to any information that (a) the Parties agree or the Court rules should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties

agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving Party's legitimate knowledge independently of the production by the Producing Party.

(b)     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

(c)     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

(d)     Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

(e)     This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f)     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

(g)     Nothing herein shall prejudice the right of any party to object to the production of any Produced Material on the grounds that such material is protected as privileged or as attorney work product.

18.   **Notice**

Transmission by e-mail or facsimile is acceptable for all notification purposes herein.

19.   **Modification of Protective Order.**

(a)   The Parties may agree to move the Court to amend this Protective Order in the event that modifications become necessary during the course of the litigation.  One or more Parties may move the Court to modify the Protective Order if an agreement on proposed modifications cannot be reached among all Parties.

(b)   The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties respectfully request that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

20.   **Jurisdiction of the Court.**

The Parties, all persons subject to discovery in these proceedings, and all persons who receive Confidential Information pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Protective Order during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Protective Order as it may from time to time deem appropriate.

So **ORDERED** and **SIGNED** this **26** day of **March, 2009.**


_____

Ron Clark, United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **AFFINITY LABS OF TEXAS, LLC** | ) | Case No. 9:08-CV-00163 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DICE ELECTRONICS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | The Honorable Ron Clark |
| | ) | United States District Court Judge |
| | ) | |
| | ) | |
| **AFFINITY LABS OF TEXAS, LLC** | ) | Case No. 9:08-CV-00164 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BMW NORTH AMERICA, LLC, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | The Honorable Ron Clark |
| | ) | United States District Court Judge |
| | ) | |
| | ) | |
| **AFFINITY LABS OF TEXAS, LLC** | ) | Case No. 9:08-CV-00171 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JVC AMERICAS CORP., ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | The Honorable Ron Clark |
| | ) | United States District Court Judge |
| | ) | |
| | ) | |

AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

I, _____, declare and say that:

1.      I am employed as_____, by

_____.

2.      I have received and read and understand the Protective Order entered in the above-captioned matters.

3.      I agree to be bound by all the provisions of the Protective Order.

4.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Texas with respect to enforcement of the Protective Order.

5.      I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____                    _____