IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 9:08-cv-00171-RC |
| ALPINE ELECTRONICS OF AMERICA, INC.; *et al.* | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Now comes Plaintiff Affinity Labs of Texas, LLC before this Court and amends its complaint and petition for relief against each and all of the Defendants as follows:

**PARTIES**

1. Plaintiff Affinity Labs of Texas, LLC ("Affinity") is a Texas limited liability corporation having offices at 3838 River Place Blvd., Austin, Texas 78730.

2. Upon information and belief, Defendant JVC Americas Corp. ("JVC") is a Delaware corporation having its offices located at 1700 Valley Road, Wayne, New Jersey 07470.

3. Upon information and belief, Defendant Kenwood USA Corporation ("Kenwood") is a California corporation having its offices located at 2201 E. Dominguez Street, Long Beach, California 90810-1009.

## JURISDICTION AND VENUE

4. These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent. The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendants. Upon information and belief, each of the Defendants has transacted business in this judicial district and/or has committed, contributed to, and/or induced acts of patent infringement in this judicial district.

6. Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT 1: PATENT INFRINGEMENT OF THE '833 PATENT

7. The allegations of paragraphs 1-6 are incorporated herein by reference.

8. Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,324,833 ("the '833 Patent"), which issued on January 29, 2008 and is entitled "System and Method for Connecting a Portable Audio Player to an Automobile Sound System." A copy of the '833 Patent is attached hereto as Exhibit A.

9. Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '833 Patent by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the

infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '833 Patent").

10. Despite having knowledge of the '833 Patent for almost a full year, the Defendants have knowingly and willfully continued to make, use, offer for sale, sell, and/or import products that infringe the '833 Patent and have made, used, offered for sale, sold, and/or imported new models of infringing products after receiving notice of the '833 patent and without authorization from Affinity.

11. JVC's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of electronic audio devices for automobiles and home audio systems that are designed to integrate a portable digital media device with the electronic audio device's on-screen display and user interface.

12. Kenwood's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of electronic audio devices for automobiles and marine audio systems that are designed to integrate a portable digital media device with the electronic audio device's on-screen display and user interface.

13. Upon information and belief, Defendants will continue to infringe the '833 Patent unless enjoined by this Court.

14. As a result of Defendants' infringement, Affinity has suffered and will continue to suffer damages.

15. Affinity is entitled to recover from Defendants the damages sustained by Affinity as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, Affinity hereby demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, Affinity petitions this Court and requests that a judgment be entered and relief be granted as follows:

A. Declaring that each of the Defendants have infringed the '833 Patent as alleged herein (directly, by inducement, and/or contributorily);

B. Declaring that each of the Defendants' infringement is willful;

C. Permanently enjoining, restraining, and prohibiting each of the Defendants, and any party acting through, for, or in concert with the Defendants from further infringing (directly, by inducement, or contributorily) any claim of the '833 Patent;

D. Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for each of the Defendants' acts of infringement of the '833 Patent and/or any other injury suffered by Affinity due to the Defendants' acts of infringement of the '833 Patent;

E. Awarding to Affinity treble damages, pursuant to 35 U.S.C. § 284, and based on Defendants' willful infringement of the '833 patent;

F. Declaring this case exceptional and awarding to Affinity its attorneys' fees, pursuant to 35 U.S.C. § 285;

G. Awarding to Affinity its costs; and

H. Awarding to Affinity such other, further, or general relief as this Court may deem proper.

                                                Respectfully submitted,

Dated:    June 24, 2009           By:  /s/  Matthew C. Gaudet

                                                Thomas W. Sankey
                                                TX Bar No. 17635670
                                                twsankey@duanemorris.com

                                                **Duane Morris LLP**
                                                3200 Southwest Freeway, Suite 3150
                                                Houston, TX  77027-7534
                                                Tel.: 713.402.3900
                                                Fax: 713.402.3901

                                                L. Norwood Jameson
                                                (admitted *pro hac vice*)
                                                wjameson@duanemorris.com
                                                Matthew C. Gaudet
                                                (admitted *pro hac vice*)
                                                mcgaudet@duanemorris.com
                                                Stephanie A. Hansen
                                                (admitted *pro hac vice*)
                                                sahansen@duanemorris.com

                                                **Duane Morris LLP**
                                                1180 West Peachtree Street, Suite 700
                                                Atlanta GA  30309-3448
                                                Tel.:  404.253.6900
                                                Fax:  404.253.6901

                                                Brian McQuillen
                                                (admitted *pro hac vice*)
                                                bmcquillen@duanemorris.com

                                                **Duane Morris LLP**
                                                1540 Broadway
                                                New York, NY 10036-4086
                                                Tel.: 212.692.1000
                                                Fax: 212.692.1020

                                                ATTORNEYS FOR PLAINTIFF
                                                AFFINITY LABS OF TEXAS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 24, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

/s/  Matthew C. Gaudet