\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, § § *Plaintiff*, § § v. § § ALPINE ELECTRONICS OF AMERICA, § INC.; CLARION CORPORATION OF § AMERICA; FUJITSU TEN. § CORPORATION OF AMERICA, INC.; JVC § AMERICAS CORPORATION; KENWOOD § USA CORPORATION; PIONEER § ELECTRONICS USA, INC.; AND § SPEAKERCRAFT, INC., § § *Defendants*. § | Civil Action No. 9:08-CV-171 JUDGE RON CLARK |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff Affinity Labs of Texas, LLC filed suit against Defendants Alpine Electronics of America *et al* claiming infringement of United States Patent No. 7,324,833. This is one of two companion cases filed by Affinity Labs involving the same patent. *See* 9:08-cv-164. The '833 patent is directed toward a system and method for connecting a portable audio player to an automobile sound system. Defendants JVC Corp. and Kenwood USA Corp. now move to dismiss Affinity Labs's claim of willful infringement on the grounds that Affinity Labs cannot base its claim entirely on Defendants' post-filing conduct without first moving for a preliminary injunction.[1]

---

[1] The same motion was filed by all Defendants except Volkswagen Group of America, Inc. in 9:08-cv-164. The court will enter an order in that case concurrently with the instant

Because there is no *per se* rule that a patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief, Defendants' motion is denied.

### I. Background

Affinity Labs commenced this case on August 29, 2008. In its initial complaint, Affinity Labs neither made a claim of willful infringement nor requested a preliminary injunction. *See* Doc. # 1. At the Case Management Conference held on March 25, 2009, Affinity Labs confirmed that it had not, at that time, made a willfulness claim, and stated that Defendants were unaware of the '833 patent until the case was filed. Tr. at 32:22 - 33:13 [Doc. # 196 in 9:08-cv-164].

Affinity Labs amended its complaint for the first time on June 24, 2009, raising a willfulness claim for the first time:

> Despite having knowledge of the '833 Patent for almost a full year, the Defendants have knowingly and willfully continued to make, use, offer for sale, sell, and/or import products that infringe the '833 Patent and have made, used, offered for sale, sold, and/or imported new models of infringing products after receiving notice of the '833 patent and without authorization from Affinity.

Doc. # 127, at ¶ 10. Affinity Labs again failed to request a preliminary injunction in its June 24 amended complaint.

### II. Standard of Review

Defendants move for dismissal of Affinity Labs's willfulness claim under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court

---

Order, also denying the motion to dismiss for the same reasons discussed below.

must decide whether the facts alleged, if true, would entitle Plaintiff to some legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  When ruling on a Rule 12(b)(6) motion, the court may consider only the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  The court must accept as true all well-pleaded facts and review them in the light most favorable to the Plaintiff.  *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995).

A pleading "need not specify in exact detail every possible theory of recovery--it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103).  Once a claim has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969; *see also Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (quoting *Twombly*).  As the Supreme Court recently explained,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged .. . .The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

### III. Discussion

Although the instant motion was couched as a motion to dismiss, Defendants are actually requesting a ruling that Affinity Labs cannot prevail on a willfulness claim under the facts of this case. This is more in the nature of a summary judgment motion. However, since the motion was filed as a motion to dismiss, the court will analyze it under Fed. R. Civ. P. 12(b)(6), not Fed. R. Civ. P. 56.

Relying primarily on *In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007), Defendants argue that Affinity Labs's claim of willful infringement should be dismissed because Affinity Labs cannot base its claim entirely on Defendants' post-filing conduct without first moving for a preliminary injunction.

In *Seagate*, the court stated that:

> It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. P. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement . . . A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374. At the same time, the *Seagate* court noted that there is no *per se* rule that a patentee must *prevail* on its request for a preliminary injunction in order to assert a willfulness claim based solely on post-filing conduct:

> We also recognize that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits, such as when the remaining factors are considered and balanced. In that event, whether a willfulness claim based on

>conduct occurring solely after litigation began is sustainable will depend on the facts of each case.

*Id.*

Several district courts have found that no *per se* rule exists under the same or similar circumstances. In *ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008), the court rejected Defendants' argument that *Seagate* "stands for the proposition that a willful infringement claim cannot be based on alleged conduct after the filing of the lawsuit if the patentee does not file for a preliminary injunction." The *ACCO Brands* court concluded that *Seagate* does not hold "that only conduct after the patentee files for a preliminary injunction may be considered as a basis of a willfulness claim" and denied Defendants' motion for summary judgment on willfulness. *See also St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc.*, 2009 WL 164751 at *1 (D. Del. Jun. 10, 2009) (granting Plaintiff's request to file an amended complaint adding a willfulness claim and noting that "there is no *per se* requirement for a plaintiff to file for preliminary injunctive relief before raising a wilful infringement claim."); *Krippelz v. Ford Motor Co.*, 2009 WL 799463 at *4 (N.D. Ill. Mar. 25, 2009) (rejecting Defendant's argument that failing to move for a preliminary injunction waived any right to damages for willfulness because, although there was also pre-litigation conduct by Defendant in that case, "the proposition that failure to seek a preliminary injunction constitutes a forfeit of a claim for willful infringement is neither an absolute nor a general rule applicable to all patent cases."); *Novartis Pharmas. Corp. v. Teva Pharmas. USA, Inc.*, 2009 WL 483865 (D.N.J. Feb. 25, 2009) (where Plaintiff was denied a preliminary injunction, the court stated that it "agrees with [Plaintiff] that *Seagate* did not create a *per se* rule of dismissal, and finds that it may be possible for [Plaintiff] to show after discovery that

5

[Defendant] acted in reckless disregard of the 'objectively high likelihood' that it was infringing on a valid patent.").

Defendants point to *GSI Group, Inc. v. Sukup Mfg. Co.*, 591 F. Supp. 2d 977, 984 (C.D. Ill. 2008), which relied on the above-quoted passage from *Seagate* to exclude Defendants' post-filing conduct for willfulness purposes where Plaintiff failed to seek a preliminary injunction. However, the *GSI Group* court conceded that the Federal Circuit's comments about post-filing damages in *Seagate* were dicta.[2] As discussed below, the court agrees with the *ACCO Brands*, *St. Clair*, *Krippelz*, and *Novartis* courts that any *per se* rule in this context is inappropriate.

It would make little sense to implement a *per se* rule where a patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief. Injunctive relief is not always appropriate under the facts of a case. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394, 126 S. Ct. 1837, 1841 (2006) ("We hold . . . that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district court," and stating that one of the four factors to be considered is whether remedies at law, such as monetary damages, are inadequate to compensate the patentee for his injury). There is little difference between the situation where the court denies a preliminary injunction and that where counsel believes a motion for a preliminary injunction would be inappropriate and opts instead not to file one after considering his or her ethical

---

[2]Defendants also rely on *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 609 F. Supp. 2d 1090, 1096-97 (E.D. Cal. 2009). However, this case states only that Plaintiff could amend its complaint to add a claim of willful infringement and request a preliminary injunction, and that when Plaintiff formed the good-faith belief that it could seek injunctive relief was a question of fact.

obligations under Fed. R. Civ. P. 11.³ The *Seagate* court explicitly declined to apply a *per se* rule in the first situation, and the court sees no reason why a different result is mandated in the latter situation.

Defendants do not suggest that the facts alleged by Affinity Labs in its second amended complaint do not state a claim for willfulness; they merely contend that Affinity Labs cannot raise a willfulness claim based solely on post-filing conduct without first seeking a preliminary injunction. For the reasons discussed above, the court rejects this argument. Accepting the facts pled in Affinity Labs's complaint as true, the complaint states a claim to relief that is plausible on its face. Defendants' motion to dismiss for failure to state a claim is denied.

IT IS THEREFORE ORDERED that Defendants JVC Corp. and Kenwood USA Corp.'s Motion to Dismiss Plaintiff Claim of Willful Infringement [Doc. # 132] is DENIED.

So **ORDERED** and **SIGNED** this **2** day of **September, 2009.**

_____
Ron Clark, United States District Judge

---

³For example, Defendants emphasized that Affinity Labs is a non-practicing entity in conjunction with their earlier-filed motion to stay the case pending reexamination. *See* Doc. # 64 (relying on Doc. # 106 at p. 6, in 9:08-cv-164). Because Affinity Labs does not compete with Defendants, this would likely weigh against granting injunctive relief. The fact that Affinity Labs seeks permanent injunctive relief at the end of the case in its complaint does not alter the conclusion that counsel may have believed a motion for preliminary injunction was not supported by the facts at the start of the case. *See, e.g., Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363-64 (5th Cir. 2003) (a preliminary injunction is "'an extraordinary remedy' which should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements. As a result, 'the decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'") (internal citations omitted). A motion for preliminary injunction at the outset of the case and reserving in the complaint the right to request a permanent injunction at the conclusion of the case are not the same thing.