IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC | § | |
| | § | |
| VS. | § | Case No. 9:08-CV-171 |
| | § | |
| ALPINE ELECTRONICS OF AMERICA, | § | |
| INC., ET AL. | § | |

**ORDER ON LIMITATIONS OF TRIAL TIME**

This case is set for a final pretrial hearing on **November 4, 2010,** with **jury selection and trial on November 8, 2010.** The court gave the parties notice that it would impose time limits on the presentation of their cases at trial. After reviewing the file and considering the issues involved and the estimates of the time needed received from the parties, the court now allocates **15 hours to plaintiffs** and **17 hours to the defendants** in which to present their respective cases, including direct examination, redirect, cross and re-cross of all witnesses, but excluding time related to jury selection and opening and closing. A party may, at the conclusion of 80% of its allotted time, move for an extension of time. Such extension will only be granted for good cause shown, and such good cause shall include a showing that the party's past use of time and anticipated use of remaining and requested time does not constitute undue delay, waste of time, or needless presentation of cumulative evidence.

In the interests of an efficient and understandable presentation of the evidence within the time allotted, **lead counsel** shall meet and confer **in person** to reach agreement as to authenticity of documents and as to any objections to witnesses, exhibits, and deposition testimony. As a matter of guidance, the court is confident that its time will not be wasted with matters such as hyper-technical objections from a party about the authenticity of documents that party has produced.

Counsel should consider approved time saving techniques, such as:   The use of properly prepared affidavits to support the admission of those business records for which there is no agreement as to authenticity; the use of summaries and charts; submission of extracts of voluminous exhibits containing the pertinent pages; agreements between counsel on definitions of terms, diagrams, key exhibits or timelines, etc. for inclusion in juror notebooks; using an expert's resume as an exhibit rather than spend thirty minutes droning on about qualifications; providing the court with a page for each witness containing a  photograph of the witness (about 3" x 3") with the  name, title (or position if employed by a party) of the witness and space for jurors to take notes, for inclusion in each  juror notebook; and proper use of the time allowed for interim statements to quickly transition between topics and to inform jurors about expected testimony.  *See* Herbert F. Schwartz, Patent Law and Practice 252-258 (5th Ed. 2006),  *See* Federal Judicial Center, Manual for Complex Litigation 139-141, 153 (4th Ed. 2004).

So **ORDERED** and **SIGNED** this **18** day of **October, 2010.**

_____
Ron Clark, United States District Judge